IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HENNESSEY HUNT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:03-CV-0129 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

# REPORT AND RECOMMENDATION
# TO DENY PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner HENNESSEY HUNT. By his habeas application, petitioner challenges two prison disciplinary proceedings wherein petitioner was found guilty, in both cases, of the disciplinary offense of threatening to inflict harm on an officer, a Level 1, Code 4.0 offense. Petitioner was punished with the forfeiture of a total of 1005 days previously accrued good time credits.[1]

Following the finding of guilt on February 4, 2003, in disciplinary proceeding No. 20030144137, petitioner filed a Step 1 grievance which was denied on March 14, 2003. Petitioner then filed a Step 2 grievance which was denied on April 14, 2003. Following the finding of guilt on February 6, 2003, in disciplinary proceeding No. 20030146295, petitioner

---

[1] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

filed a Step 1 grievance which was denied on March 14, 2003. Petitioner then filed a Step 2 grievance which was denied on April 3, 2003. For the reasons hereinafter set forth, it is the opinion of the undersigned United States Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.

## I.
## STATE COURT CONVICTION

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of two judgments and sentences out of the 2nd Judicial District Court of Dallas County, Texas. In *State v. Hunt*, Nos. F92-01211-IH and F92-61339-JH, petitioner was found guilty after trial of the offenses theft of property and burglary of a building. On June 23, 1992, a jury sentenced petitioner to two terms of imprisonment of fifteen (15) years, one for each offense.

Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20030144137 in the following respects:

1. He was denied due process when he was taken to pre-hearing detention without notice as to the rule violated nor any attempt to resolve the confrontation; and

2. His counsel substitute was ineffective for failing to call witnesses, failing to call the charging officer, and failing to produce evidence refuting the

>charges against petitioner or show the write up had been altered to create a rule infraction.

Petitioner contends his federal constitutional rights were violated with regard to the disciplinary proceeding in Case No. 20030146295 in the following respects:

> 3. He received an unfair hearing because the charging officer listed on the report record was not the true charging officer and such charging officer was coerced by the hearing officer at the hearing; and
>
> 4. His counsel substitute was ineffective for failing to prepare for the hearing and for failing to argue the discrepancy between the true charging officer and the one listed on the report record.

Petitioner contends his federal constitutional rights were violated with regard to both disciplinary cases because:

> 5. He was denied due process because the punishment imposed was excessive.

### III.
### EXHAUSTION

As argued by respondent, petitioner has failed to exhaust his available administrative remedies with regard to his first claim, related to disciplinary case No. 20030144137, because he failed to raise the issue in either his Step 1 or Step 2 grievance. Such claim is thus unexhausted and procedurally defaulted.

Petitioner failed to raise his fifth claim in Step 2 of the grievance related to disciplinary case No. 20030144137, and failed to raise such claim in Step 1 of his grievance related to disciplinary case No. 20030146295.[2] Respondent, does not move to dismiss petitioner's entire habeas petition and admits that three of petitioner's claims have been exhausted. Respondent

---

[2] According to the records provided by respondent, petitioner attempted to file a second Step 1 grievance form with the claim about excessive punishment related to disciplinary case No. 20030146295. However, since he had already filed a Step 1 grievance in that case, the second Step 1 form was not considered on the merits.

argues petitioner's first and fifth claims are unexhausted and procedurally barred from consideration herein. The undersigned agrees.

## IV.
## MERITS

In order to prevail in a federal habeas corpus proceeding, petitioner must show his due process rights were violated during the state prison disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

In his remaining exhausted claims, petitioner does not specifically allege he was denied any procedural due process protections established by *Wolff* in either of the disciplinary proceedings. Further, review of the disciplinary proceeding records reveals petitioner was afforded the full panoply of constitutional procedural due process requirements under *Wolff*. Consequently, petitioner is not entitled to federal habeas corpus relief for any constitutional procedural deficiencies.

Petitioner argues in his third claim, he received an unfair hearing because the charging officer listed on the report record was not the true charging officer and the charging officer was

coerced by the hearing officer at the hearing. Petitioner's allegation is conclusory and without any evidentiary support and will not support a claim for federal habeas relief. The Fifth Circuit has held, "...in the absence of a specific showing of how these alleged errors and omissions were constitutionally deficient, and how they prejudiced his right to a fair trial, we can find no merit of these claims." *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 200) *citing Barnard v. Collins*, 958 F.2d 634, 642 (5th Cir. 1992). Although petitioner's pleadings are very difficult to understand, it appears petitioner argues the charging officer, Orlds was not the true charging officer apparently because he could not recite verbatim, the specifics of the incident in question listed on the offense report. (Petitioner's December 12, 2003 "Pleadings" at 4). Further, petitioner alleges the hearing officer coerced charging officer Orlds by directing him to the hearing record report sheet "description" section in an attempt to elicit damaging testimony. (*Id.*). Petitioner's claims are conclusory at best. As argued by respondent, any discussion between the hearing officer and the charging officer at the disciplinary hearing were an attempt to clarify the charging officer's testimony. Further, petitioner has failed to support his allegation that some other officer besides charging officer Orlds was the true charging officer. Petitioner's claims are without merit.

Next, petitioner asserts in his second and fourth claims he was denied effective assistance of counsel substitute. Inmates do not have a federal constitutional right to either retained or appointed counsel in a disciplinary proceeding. *Baxter v. Palmigiano*, 425 U.S. 308, 315, 96 S.Ct. 1551, 1556 (1976). Consequently, petitioner may not complain about the quality or any deficiencies of the representation he received at the hearing. *See Wainwright v. Torna*, 455 U.S. 586, 587-88, 102 S.Ct. 1300, 1301 (1982).

Finally, it is the law of the Fifth Circuit that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of <u>some</u> facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986). Consequently, in order to prevail in a challenge to a disciplinary proceeding by way of federal habeas corpus, a petitioner must establish that there was <u>no</u> evidence to support the disciplinary adjudication. Petitioner has not meet this burden as there clearly was <u>some</u> evidence, including the testimony of officer Orlds, to support the findings of petitioner's guilt in both disciplinary cases.

## V.
## RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner HENNESSEY HUNT is without merit and should be, in all things, DENIED.

## VI.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this <u>8th</u> day of July 2005.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).